### CRIMINAL LAW.

[Hamilton (1st) Circuit Court, August 3, 1912.]

Swing, Jones and Smith, JJ.

LOUIS SMITH v. STATE OF OHIO.

1. **Admission of Guilt to Magistrate Conducting Preliminary Examination Competent at Subsequent Trial.**

    The testimony of the magistrate, before whom the accused was brought for his preliminary examination, that he privately admitted his guilt, is competent evidence at his subsequent trial before the common pleas.

2. **Admission of Incompetent Evidence in Criminal Trial not Ground for Reversal when Verdict Established by Competent Evidence of Guilt.**

    While a letter written by one accused of theft to the prosecuting witness is not competent evidence against him, yet its admission is not sufficient to reverse a verdict of guilty, if accused failed to deny its authenticity and his guilt was established beyond a doubt by competent testimony and his own admission.

ERROR to common pleas court.

*Dudley P. Wayne,* for plaintiff in error.

*Thos. L. Pogue,* Pros. Atty., for defendant in error.

The plaintiff in error was convicted of larceny in the theft of jewelry from the residence of Miss Bertha Oettinger, where

Smith v. State.

he had been employed to repair some window screens. His preliminary examination occurred before Justice Muller, who testified at the trial in the common pleas that Smith admitted to him that he took the jewelry.

**JONES, J.**

We can not see that it was error for the trial court to have admitted the evidence of witnesses as to the admission by Smith of his guilt made at the time he appeared before the examining magistrate.

The admission of the letter written to Miss Oettinger was not in accord with the rules of evidence, but in view of defendant's admissions and other convincing evidence we think this was not reversible error. The defendant did not embrace his opportunity to deny having written the letter. Although that omission should not weigh against him, we must decline to reverse the case for such error alone when the competent or admissible evidence in the case clearly establishes guilt beyond a reasonable doubt.

Judgment affirmed.

**Swing** and **Smith, JJ.,** concur.